## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD INTERNATIONAL BANK, LTD., ET AL, | § § § § | |
| PLAINTIFF, | § § | |
| v. | § § | |
| DILLON GAGE INCORPORATED OF DALLAS AND DILLON GAGE INC., | § § § | |
| DEFENDANTS, | § § § | CIVIL ACTION NO. 3:10:-CV-1973 |
| DILLON GAGE INCORPORATED OF DALLAS, | § § § | |
| COUNTER-PLAINTIFF, | § § | |
| v. | § § | |
| STANFORD COINS & BULLION, INC., TIMOTHY SCOTT TERRY, AND JOSEPH A. FRISARD, | § § § | |
| THIRD-PARTY/COUNTER-DEFENDANTS. | § § | |

### ANSWER TO RECEIVER'S ORIGINAL COMPLAINT AND
### DEFENDANT'S ORIGINAL THIRD-PARTY CLAIM AND/OR COUNTERCLAIM

Dillon Gage Incorporated of Dallas ("Dillon Gage" or "Defendant") files this Answer to Receiver's Original Complaint, as well as its Original Third-Party Claim and/or Counterclaim against Stanford Coins & Bullion, Inc. ("SCB"), Timothy Scott Terry ("Terry"), and Joseph A, Frisard ("Frisard") (and collectively "Third-Party Defendants") and would respectfully show the Court as follows:

ANSWER TO RECEIVER'S ORIGINAL COMPLAINT AND
DEFENDANTS' ORIGINAL ANSWER AND/OR THIRD-PARTY COUNTERCLAIM
1166705 v2 (19400.00064.000)

Page 1

# ANSWER

## SUMMARY

1.       Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 1 of the Complaint, and therefore denies same.

2.       Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 2 of the Complaint, and therefore denies same.

3.       Defendant denies all allegations contained in Paragraph 3 of the Complaint.

4.       Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 4 of the Complaint, and therefore denies same.

5.       Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 5 of the Complaint, and therefore denies same.

## JURISDICTION AND VENUE

6.       The allegations contained in Paragraph 6 of the Complaint state legal conclusions. To the extent a response is required, Defendant denies the allegations in Paragraph 6 of the Complaint.

7.       The allegations contained in Paragraph 7 of the Complaint state legal conclusions. To the extent a response is required, Defendant denies the allegations in Paragraph 7 of the Complaint.

8.      Defendant admits it is located within the Northern District of Texas but is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations made in Paragraph 8 of the Complaint, and therefore denies same.

9.      The allegations contained in Paragraph 9 of the Complaint state legal conclusions. To the extent a response is required, Defendant denies the allegations in Paragraph 9 of the Complaint.

### THE PARTIES

10.      Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 10 of the Complaint, and therefore denies same.

11.      Defendant admits the allegations of the first sentence of Paragraph 11 of the Complaint.  Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 11 and therefore denies same.

12.      Defendant denies that Dillon Gage, Inc. has anything whatsoever to do with the claims made the basis of this lawsuit and denies the allegations set forth in Paragraph 12.

### STATEMENT OF FACTS

13.      Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 13 of the Complaint, and therefore denies same.

14.      Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 14 of the Complaint, and therefore denies same.

15.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 15 of the Complaint, and therefore denies same.

16.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 16 of the Complaint, and therefore denies same.

17.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 17 of the Complaint, and therefore denies same.

18.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 18 of the Complaint, and therefore denies same.

19.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 19 of the Complaint, and therefore denies same.

20.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 20 of the Complaint, and therefore denies same.

21.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 21 of the Complaint, and therefore denies same.

ANSWER TO RECEIVER'S ORIGINAL COMPLAINT AND
DEFENDANTS' ORIGINAL ANSWER AND/OR THIRD-PARTY COUNTERCLAIM
1166705 v2 (19400.00064.000)

Page 4

22.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 22 of the Complaint, and therefore denies same.

23.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 23 of the Complaint, and therefore denies same.

24.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 24 of the Complaint, and therefore denies same.

25.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in the first sentence of Paragraph 25 of the Complaint, and therefore denies same.  Defendant denies the remainder of the allegations in Paragraph 25 of the Complaint.

26.     Defendant admits that SCB was an open account customer of Defendant who purchased certain precious metals from Defendant.  Defendant denies the remaining allegations made in Paragraph 26 of the Complaint.

27.     SCB, Frisard and Terry made repeated representations to Defendant that SCB was solvent.  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations made in Paragraph 27 of the Complaint, and therefore denies same.

28.     Defendant admits that SCB delayed making certain payments in the ordinary course of business, that conversations were held with SCB as a prudent creditor, and that certain

shipments were held pending compliance with open account terms in the ordinary course of business. Defendant denies the remaining allegations of Paragraph 28 of the Complaint.

29.      Defendant admits that SCB continued to perform on its open account; however, Defendant denies all other allegations contained in Paragraph 29 of the Complaint.

30.      Defendant admits it received payment in February on its open account in the ordinary course of business; however, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations made in the first two sentences of Paragraph 30 of the Complaint, and therefore denies same. Defendant denies the allegations in the last sentence of Paragraph 30 of the Complaint.

31.      Defendant denies the allegations made in Paragraph 31 of the Complaint.

32.      Defendant denies the allegations made in Paragraph 32 of the Complaint.

33.      Defendant has never refused to remit $1,066,000 paid on the open account against orders after such orders were cleared to the owner thereof, and Receiver's allegation to the contrary is false and, indeed, frivolous. Defendant denies the balance of allegations made in Paragraph 33 of the Complaint.

### REQUESTED RELIEF

34.      Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 34 of the Complaint, and therefore denies same.

35.      Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 35 of the Complaint, and therefore denies same.

36.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 36 of the Complaint, and therefore denies same.

37.     The allegations contained in Paragraph 37 of the Complaint state legal conclusions.  To the extent a response is required, Defendant denies the allegations in Paragraph 37 of the Complaint.

38.     The allegations contained in Paragraph 38 of the Complaint state legal conclusions.  To the extent a response is required, Defendant denies the allegations in Paragraph 38 of the Complaint.

39.     The allegations contained in Paragraph 39 of the Complaint state legal conclusions.  To the extent a response is required, Defendant denies the allegations in Paragraph 39 of the Complaint.

40.     The allegations contained in Paragraph 40 of the Complaint state legal conclusions.  To the extent a response is required, Defendant denies the allegations in Paragraph 40 of the Complaint.

41.     The allegations contained in Paragraph 41 of the Complaint state legal conclusions.  To the extent a response is required, Defendant denies the allegations in Paragraph 41 of the Complaint.

42.     Defendant denies the allegations in Paragraph 42 of the Complaint.

43.     The allegations contained in Paragraph 43 of the Complaint state legal conclusions.  To the extent a response is required, Defendant denies the allegations in Paragraph 43 of the Complaint.

ANSWER TO RECEIVER'S ORIGINAL COMPLAINT AND
DEFENDANTS' ORIGINAL ANSWER AND/OR THIRD-PARTY COUNTERCLAIM
1166705 v2 (19400.00064.000)

Page 7

44.     The allegations contained in Paragraph 44 of the Complaint state legal conclusions.  To the extent a response is required, Defendant denies the allegations in Paragraph 44 of the Complaint.

45.     The allegations contained in Paragraph 45 of the Complaint state legal conclusions.  To the extent a response is required, Defendant denies the allegations in Paragraph 45 of the Complaint.

46.     Defendant denies the allegations in Paragraph 46 of the Complaint.

47.     Defendant denies the allegations in Paragraph 47 of the Complaint.

48.     Defendant denies the allegations in Paragraph 48 of the Complaint.

49.     Defendant denies the allegations in Paragraph 49 of the Complaint.

## PRAYER

50.     Defendant denies in its entirety Plaintiff's prayer that he have judgment for damages against Defendant, whether actual or exemplary, pre-judgment or post-judgment interest as provided by law, costs of suit, or any further relief whether in law or at equity.

## AFFIRMATIVE DEFENSES

### UNIFORM FRAUDULENT TRANSFER ACT

51.     The Receiver cannot prevail upon his claims because any amounts Defendant allegedly received were not fraudulent transfers as a matter of law, and Defendants has an affirmative defense under Texas Business and Commerce Code § 24.010.

52.     The Receivers' claims fail in whole or in part because Defendant acted in good faith and gave reasonably equivalent value.

## ESTOPPEL / PROMISSORY ESTOPPEL

53.     The Receiver cannot prevail upon his claims because any amounts Defendant allegedly received were the result of reasonable reliance upon any misrepresentations made by SCB.

## FAILURE TO MITIGATE

54.     The Receiver cannot prevail upon his claims because, in pursuing them, he has failed to mitigate damages to the receivership estate.

55.     The Receiver cannot prevail upon his claims because SCB failed to mitigate damages for the amounts now sought from Defendant.

## FRAUD / MISREPRESENTATION

56.     The Receiver cannot prevail upon his claims because they are the result of fraud or misrepresentation by SCB.

## ILLEGALITY

57.     The Receiver cannot prevail upon his claims because they are the result of illegality by SCB.

## UNCLEAN HANDS

58.     The Receiver cannot prevail upon his claims due to the comparative lack of equity by the Receiver and his predecessor in interest.

## IN PARI DELICTO

59.     The Receiver's claims are barred in whole or in part due to the doctrine of *in pari delicto.*

OFFSET AND COUNTERCLAIM

60.    The Receiver's claims are barred in whole or in part due to offset and counterclaim.

UNJUST ENRICHMENT

61.    The Receiver's claims are barred in whole or in part due to unjust enrichment.

# DILLON GAGE INCORPORATED OF DALLAS' ORIGINAL THIRD-PARTY CLAIMS AND/OR COUNTERCLAIMS

62.    SCB is a corporation organized and existing under the laws of the State of Texas with its principal place of business in Houston, Texas.  SCB may be served by making service upon its registered agent, Corporation Service Company, 211 E. 7th St., Suite 620, Austin, TX 78701-3218.  Additionally, the receiver in *Securities and Exchange Commission v. Stanford International Bank*, et al., Case No. 3:09-cv-00298-N, may be served through his counsel of record, Kevin Sadler, Baker Botts, LLP, 1500 San Jacinto Center, 98 San Jacinto Blvd., Austin, Texas 78701-4078.

63.    Counter/Third Party-Defendant Terry is an individual residing in the state of Texas and may be served with process at 12802 North Cypress Lane, Tomball, Texas  77377, or such other place as he may be found.

64.    Counter/Third Party Defendant Frisard is an individual residing in the state of Texas and may be served with process at 1512 Nantucket Drive, Unit B, Houston, Texas  77057, or such other place as he may be found.

BACKGROUND FACTS

65.    Dillon Gage is a precious metal and bullion dealer located in Addison, Texas.  For years prior to the incident transaction, SCB and Dillon Gage had been operating under an open

account for the purchase and sale of precious metals and bullion.  At various times in the ordinary course of business, SCB exceeded its credit limit for outstanding invoices owed to Dillon Gage.

66.     Concerned about SCB's outstanding balance, Dillon Gage representatives met with Frisard and Terry, the then Vice-President of Finance and Operations of SCB, in early 2009. During these meetings and conversations, Frisard and Terry offered assurances of SCB's solvency and ability to pay Dillon Gage's account in the ordinary course of business.  Namely, Frisard and Terry claimed that slow payments arose simply because of paper work related issues and that significant business was being generated through television ads and that a significant, high-dollar transaction was nearing completion that would assure that SCB could easily bring current all balances with Dillon Gage.  Frisard and Terry also represented that a large number of gold coins owned and possessed by SCB could be immediately liquidated to cover SCB's debt, if ever necessary.  Importantly, Frisard and Terry promised and represented that SCB's ongoing business was sufficient to cover all outstanding balances.  Frisard and Terry promised and represented that the credit limit issues were only the result of normal operational expenditures such as advertising and purchases.

67.     In a subsequent phone conversation, Terry reaffirmed his and Frisard's assurances and explained to Dillon Gage that the problem was simply one of cash flow and paper work. Despite the temporary cash flow problem, Terry told Dillon Gage that SCB was an ongoing, operational business with sufficient wherewithal to pay its debts.  At no point did Dillon Gage, or any of its agents or employees believe that SCB was insolvent or would be unable to pay SCB's outstanding invoices.

68.     In early 2009, unbeknownst to Dillon Gage, Pre-War Art, Inc. and Gagosian Gallery, Inc. (collectively, the "Gallery") ordered 101 gold bars from SCB pursuant to two sales orders in the amount of $3,028,613.00.   Shortly thereafter, SCB ordered 101 gold bars from Dillon Gage for purposes of an art exhibit.   After the exhibit, SCB planned to sell the gold bars back to Dillon Gage.   Dillon Gage shipped one gold bar to the designated art exhibit as a sample as requested by SCB, but was scheduled to deliver the remaining gold bars by March 2009. Dillon Gage never knew who SCB's customers were nor even if there were always SCB customers related to particular transactions.

69.     In the ordinary course of business, SCB made payment of $3,002,639.10 to Dillon Gage.   Based on direct instructions from Terry and Frisard and the parties' open account arrangement, Dillon Gage applied the $3,002,639.10 to SCB's open account.

70.     On February 17, 2009, this Court entered an order (the "Receivership Order") appointing Ralph Janvey as Receiver (the "Receiver") for, among other entities, SIBL, Stanford Group Company, Stanford Capital Management, LLC, and Stanford Financial Group.   Through the Receivership Order, and later the March 12, 2009 Amended Order Appointing Receiver, this Court assumed all jurisdiction over and took possession of all assets owned by SIBL and other Stanford-related entities.   Ostensibly this authority extends to SCB and its assets although Dillon Gage has no direct personal knowledge of SCB's relationship, if any, to the Receivership Estate.

71.     Under the terms of the Receivership Order as amended, all persons are restrained and enjoined from taking any act to obtain possession of receivership assets.   The Receivership Order also prohibits persons from exercising set off rights against property of the Receivership Estate.

ANSWER TO RECEIVER'S ORIGINAL COMPLAINT AND
DEFENDANTS' ORIGINAL ANSWER AND/OR THIRD-PARTY COUNTERCLAIM
1166705 v2 (19400.00064.000)

Page 12

72.     Both the Receiver and the Gallery have requested delivery of gold bars and/or cash.  No gold bars were segregated or identified specifically for the order in question as the ship date was weeks away.  The Receiver also seeks the return of payments from SCB made in the ordinary course of business for reasonably equivalent value.  Because of the stay in place through the Receivership Order, Dillon Gage is precluded from delivering cash funds received from SCB.

**COUNT ONE**
**NEGLIGENT MISREPRESENTATION**
**(AS TO SCB, TERRY, AND FRISARD)**

73.     Dillon Gage incorporates the foregoing allegations as if more fully set forth herein.

74.     Through various correspondence and communications, Third-Party/Counterclaim Defendants misrepresented the financial strength, solvency, and stability of SCB with the intent that Dillon Gage rely upon it.  In the event SCB were ever determined to have been insolvent, at times relevant to the acts complained of herein, Terry and Frisard were aware of such facts yet made explicit representations to the contrary.  These representations were material.  Third-Party/Counterclaim Defendants promised and represented at various times, including during conversations with Dillon Gage, that SCB was financially sound and could pay Dillon Gage's outstanding account.  In reliance on the Third Party/Counterclaim Defendants' statements, Dillon Gage continued its ordinary course business dealings with SCB and accepted the $3,002,639.10.  But for the Third-Party/Counterclaim Defendants' negligent misrepresentations, Defendant would not have continued its business relationship with SCB and would have pursued available rights and remedies.

75.     In the unlikely event that the Receiver prevails and Defendant is forced to pay the alleged obligations, Defendant will have been damaged by Third-Party/Counterclaim Defendants' misrepresentations.

## COUNT TWO
### FRAUDULENT INDUCEMENT AND FAILURE TO DISCLOSE
### (AS TO SCB, TERRY, AND FRISARD)

76.     Defendant incorporates the foregoing allegations as if more fully set forth herein.

77.     In the event SCB was insolvent, Third-Party/Counterclaim Defendants made material, false representations as to the stability and solvency of SCB and failed to disclose known facts which under the circumstances should have been disclosed.  These representations and non-disclosures were made with the intent to induce Defendant to continue its ordinary course transactions with SCB and to accept payments for the precious metals.   Third-Party/Counter Defendants also made representations and non-disclosure to Defendant with the intent to induce it to ship precious metals.  In reliance on Third-Party/Counterclaim Defendants' representations and non-disclosure, Defendant was induced to continue ordinary course business transactions with SCB which, if the claims of the Receiver prevail, caused damage to Defendant.

78.     Should the Receiver prevail and Defendant be forced to pay the alleged obligations, Dillon Gage will have been damaged by Third-Party Defendants' fraudulent misrepresentations.

## COUNT THREE
### AIDING AND ABETTING FRAUD
### (AS TO TERRY AND FRISARD)

79.     Defendant incorporates the foregoing allegations as if more fully set forth herein.

80.     SCB operated as a fraud to induce Defendant into continuing its ordinary course precious metals sales and transactions.  In the event SCB were insolvent, SCB misrepresented and/or failed to disclose this fact to Defendant.

81.     If SCB was insolvent, at all times relevant to the acts complained of herein, Frisard and Terry were aware of SCB's insolvency and assisted SCB in perpetrating this fraud. Namely, Frisard and Terry assisted this fraud by misrepresenting the true state of SCB's financial stability and solvency.  Frisard and Terry's assistance and encouragement was a material and substantial factor in causing and continuing SCB's fraud.

82.     Should the Receiver prevail and Defendant be forced to pay the alleged obligations, Defendant will have been damaged by Third-Party Defendants' assistance or encouragement of SCB's fraud.

### COUNT FOUR
### RESTITUTION AND UNJUST ENRICHMENT

83.     Due to the actions complained of herein, and if the Receiver prevails on his unjust and inequitable claims, SCB would have received an unjust benefit in the form of precious metals delivered and the proceeds thereof.  In good conscience and equity it would be inequitable for SCB or the Receiver to retain such benefits, due to Dillon Gage's good faith reliance. Therefore, pursuant to the doctrines of unjust enrichment and/or quantum valebant, Dillon Gage is entitled to restitution of the property transferred to SCB under false and misleading pretenses, the return of the value thereof, and/or a constructive trust imposed upon the property received by SCB for which value was not provided.

### PRAYER FOR RELIEF

Defendant Dillon Gage Incorporated of Dallas respectfully requests that this Court order that: (1) the Receiver's claims for fraudulent transfers and unjust enrichment be dismissed; (2) Dillon Gage be awarded damages against Stanford Coins & Bullion, Inc., Joseph A. Frisard, and Timothy Scott Terry for their negligent misrepresentation, fraudulent inducement and failure to

disclose, and aiding and abetting fraud and restitution and unjust enrichment; and (3) Dillon

Gage be awarded the costs of this lawsuit, attorneys' fees, and pre-judgment and post-judgment

interest, and for such other relief, at law or in equity, to which it may be justly entitled.


                                    Respectfully submitted,

                                    **KANE RUSSELL COLEMAN & LOGAN PC**


                         By:    /s/ Joseph A. Hummel
                                **Kenneth C. Johnston**
                                State Bar No. 00792608
                                kjohnston@krcl.com
                                **Robert N. LeMay**
                                State Bar No. 12188750
                                rlemay@krcl.com
                                **Joseph A. Hummel**
                                State Bar No. 24056879
                                jhummel@krcl.com

                                1601 Elm Street
                                3700 Thanksgiving Tower
                                Dallas, Texas  75201
                                Telephone:     (214) 777-4200
                                Facsimile:     (214) 777-4299

                                **ATTORNEYS FOR DEFENDANT /
                                COUNTER PLAINTIFF DILLON GAGE
                                INCORPORATED OF DALLAS**


                         <u>**CERTIFICATE OF SERVICE**</u>

        I hereby certify that on February 2, 2011, I served the foregoing document with the Clerk
of the Court using CM/ECF.  I also certify that the foregoing document is being served this day
either by Notice of Electronic Filing generated by CM/ECF or by U. S. mail on all counsel of
record entitled to receive service.  I further certify that the Third-Party/Counter-Defendants,
Stanford Coins & Bullion, Inc., Timothy Scott Terry, and Joseph A. Frisard, will be personally
served with Summons and a copy of the foregoing document at their addresses listed herein.


                                    /s/ Joseph A. Hummel
                                    Joseph A. Hummel