**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| RALPH S. JANVEY, IN HIS CAPACITY | § | |
| AS COURT-APPOINTED RECEIVER | § | |
| FOR THE STANFORD | § | |
| INTERNATIONAL BANK, LTD., ET AL. | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| V. | § | 3:109-CV-1973 |
| | § | |
| DILLON GAGE INC. OF DALLAS and | § | |
| DILLON GAGE INC.. | § | |
| | § | |
| Defendants. | § | |

**TERRY AND FRISARD'S MOTION TO DISMISS**
**THIRD-PARTY CLAIMS FILED BY DILLON GAGE INC. OF DALLAS**
**UNDER FED RULE CIV PRO 12(b)(1) AND 12(b)(6)**

Timothy Scott Terry and Joseph A. Frisard ("Terry and Frisard") hereby submit this Motion to Dismiss Third-Party Claims Filed by Dillon Gage Inc. of Dallas Under Fed Rule Civ Pro 12 (b)(1) and 12(b)(6) [see Doc. 6], stating as follows:

Dillon Gage Inc. of Dallas ("Dillon Gage") has filed Third-Party Claims against Terry and Frisard for negligent misrepresentation [Doc. 6 at 13-14]; fraudulent inducement and failure to disclose [*Id.* at 14]; and aiding and abetting fraud [*Id.* at 14-15] (collectively, the "Third-Party Claims"). This Court does not have subject matter jurisdiction over Dillon Gage's claims, and Dillon Gage has failed to state a claim upon which relief can be granted. As a result, Dillon Gage's Third-Party Claims should be dismissed under Rules 12(b)(1) and 12(b)(6). As shown on the face of Dillon Gage's pleading, Dillon Gage has suffered no damages from the purported conduct it describes in its Third-Party Claims. As a result, Dillon Gage's Third-Party Claims are not yet ripe

because any damages are merely speculative, and such claims are properly dismissed under the Federal Rules.

The Receiver has previously responded to Dillon Gage's Counterclaims and Third-Party Claims. Terry and Frisard hereby incorporate and adopt the Receiver's Motion to Strike and to Dismiss Third-Party Claims and Counterclaims Filed by Dillon Gage Inc. of Dallas. [Doc 14.]

## BACKGROUND

In the action underlying Dillon Gage's Third-Party Claims, the Receiver has identified payments totaling over $5 million made from the Stanford Parties to Dillon Gage between January 20, 2009 and the date the Receiver was appointed. The Receiver sued Dillon Gage seeking the return of these funds because Dillon Gage did not provide reasonably equivalent value in exchange for these payments.

Dillon Gage has acknowledged that it had a credit balance for SCB of $1,066,000. Despite demands by the Receiver for return of the all payments to Dillon Gage made in this period, or at a minimum the $1,066,000 for which Dillon Gage conceded no product was ever shipped, Dillon Gage has refused to return any funds to the Receiver.

Dillon Gage now brings these Third-Party claims against Terry and Frisard despite the fact that it can show no damages from these transactions.  Dillon Gage still holds all of the payments made by SCB and gave nothing amounting to reasonably equivalent value in return.

### ARGUMENT AND AUTHORITY

**A.      The Court should dismiss the Counterclaims and Third-Party Claims under Rules 12(b)(1) and (6).**

"[O]nly a [pleading] that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). "[W]hen the allegations in a [pleading], however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (internal quotation marks omitted). Furthermore, only "well-pleaded factual allegations" — factual allegations that are not legal or factual conclusions — are entitled to be presumed as true. *Iqbal*, 129 S. Ct. at 1950. Dillon Gage admits that it has suffered no damages as a result of the purported actions described in its Third-Party Claims.

**B.      On the face of the complaint, Dillon Gage admits it has not suffered damages.**

In particular, Dillon Gage states that it "will have been damaged" *only if* the Receiver prevails in his claims against Dillon Gage. [*See* Doc. 6 at 14-15] For example, the complaint states:

- "In the unlikely event that the Receiver prevails and the Defendant is forced to pay the alleged obligations, Defendant *will have been damaged* by Third-Party/Counterclaim Defendants' misrepresentations"

- "Should the Receiver prevail and Defendant be forced to pay the alleged obligations, Dillon Gage *will have been damaged* by Third-Party Defendants' fraudulent misrepresentations"

- "Should the Receiver prevail and Defendant be forced to pay the alleged obligations, Defendant *will have been damaged* by Third- Party Defendants' assistance or encouragement of SCB's fraud"

- "Due to the actions complained of herein, and if the Receiver prevails on his unjust and inequitable claims, SCB *would have received an unjust benefit* in the form of precious metals delivered and the proceeds thereof."

*Id*. (emphasis added)

**C.     The Court should dismiss the complaint because Dillon Gage's alleged damages are speculative and not ripe.**

Because Dillon Gage admits that it has suffered no damages as a result of the supposed actions described in its pleading, the Court should dismiss Dillon Gage's claims under Rules 12(b)(1) and Rule 12(b)(6).

When damages are speculative and a claim is not ripe for adjudication, courts do not have subject matter jurisdiction over the claims and dismissal is proper. *See, e.g., Maki v. Allete, Inc.*, 383 F.3d 740, 744 (8th Cir. 2004) (noting that dismissal is appropriate where claim is not ripe because claimant has not yet suffered damages.) When the events alleged in a plaintiff's cause of action have not yet occurred, a federal court is precluded from exercising subject matter jurisdiction because a real case or controversy does not exist for purposes of Article III. *Auerbach v. Bd. of Educ.*, 136 F.3d 104, 108-109 (2d Cir. 1998) (Plaintiffs' claims were properly dismissed under the ripeness doctrine.)  The ripeness doctrine is intended to prevent adjudication of issues that may never arise. *Id*.; *Patterson v. E. Baton Rouge Parish Sch. Bd.*, Civil Action No. 09-774-JVP-SCR, 2010 WL 1252360, at *6 (M.D. La. March 23, 2010) (dismissing claim as unripe where "the claim for damages had not accrued when the complaint was

filed"); *Vander Kley v. AcStar Ins. Co.*, No. Civ. 04-6355-AA, 2005 WL 139078, at *2-3, *3 n. 2 (D. Or. Jan. 21, 2005) (A "claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.)

For an injury to be ripe the plaintiff must have sustained a concrete injury as opposed to merely abstract. In other words, the injury must have actually occurred or must occur imminently.  Hypothetical, speculative or other possible future injuries do not count in the ripeness calculus. *Id.*; *Interboro Packaging Corp. v. G.P. Plastics Corp.*, No. 02 Civ. 2140(RO), 2003 WL 21403807, at *2 (S.D.N.Y. June 18, 2003) (dismissing and striking claims for inchoate damages because such claims were "not yet and may never be ripe for adjudication").

Because Dillon Gage admits that it has suffered no damages, it has not stated claims upon which relief may be granted, and this Court lacks subject matter jurisdiction over such unripe claims. Terry and Frisard's Motion to Dismiss Dillon Gage's Third-Party Claims Filed by Dillon Gage Inc. of Dallas Under Fed Rule Civ Pro 12 (b)(1) and 12(b)(6) should be granted, and the Court should dismiss the claims with prejudice.

## PRAYER

Terry and Frisard respectfully request that the Court: enter judgment that Dillon Gage Inc. of Dallas take nothing; dismiss Dillon Gage Inc. of Dallas's Third-Party Claims with prejudice; and award Terry and Frisard such other and further relief the Court deems proper under the circumstances.

Respectfully submitted,

**STANLEY FRANK & ROSE, LLP**


BY:_____/s/Michael J. Stanley_____
           Michael J. Stanley
           Texas Bar No. 19046600
           7026 Old Katy Road, Suite 259
           Houston, Texas 77024
           (713) 980-4381
           (713) 980-1179 – Fax

           **ATTORNEY IN CHARGE**


## CERTIFICATE OF SERVICE

I hereby certify that pursuant to the Federal Rules of Civil Procedure a true and correct copy of the above and foregoing document was served via ECF on counsel of record on this the 11th day of April 2011.


_____/s/Michael J. Stanley_____
        Michael J. Stanley