UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD INTERNATIONAL BANK, LTD., ET AL., <br><br> Plaintiff, <br><br> v. <br><br> DILLON GAGE INC. OF DALLAS and DILLON GAGE INC., <br><br> Defendants | § § § § § § § § § § § § § § | Case No. 3:10-CV-1973-N-BG |

## DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT

Defendants Dillon Gage Inc. of Dallas and Dillon Gage Inc. (collectively, "Dillon Gage" or "Defendants") hereby file this Cross-Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56.

## SUMMARY

Defendants move for summary judgment on the claims by the receiver, Ralph S. Janvey ("Receiver"), for actual fraudulent transfer under Texas Business & Commerce Code § 24.005 because, as a matter of law, the Receiver cannot show that Stanford Coin & Bullion, Inc. ("SCB") made any transfer with actual intent to hinder, delay or defraud any creditor because SCB was not part of a Ponzi scheme, and the Receiver cannot establish the existence of any badges of fraud.

Defendants move for summary judgment on the Receiver's claims for constructive fraudulent transfer under Texas Business & Commerce Code § 24.006 because, as a matter of

law, the Receiver cannot show that SCB was insolvent or that Defendants did not provide SCB with reasonably equivalent value for transfers at issue.

Defendants move for summary judgment on the Receiver's unjust enrichment claims because the Receiver cannot show that Defendants obtained a benefit from another by fraud, duress, or the taking of an undue advantage.

Finally, Defendants move for summary judgment on their affirmative defense pursuant to Texas Business and Commerce Code § 24.009, because there is no evidence that Defendants knew or should have known that SCB was operating as a Ponzi scheme (because it was not) or that the transfers at issue were avoidable, and Dillon Gage gave reasonably equivalent value in the form of satisfaction of antecedent debt arising out of SCB's purchases of coins and bullion.

Pursuant to the Specific Requirements of this Court and N.D. Tex. Local Rule 56.3, the following is a concise statement of the elements of each claim and defense addressed, which are also set forth in § V of Defendants' Cross-Motion for Summary Judgment:

(a)   <u>Actual fraudulent transfer under Texas Business & Commerce Code § 24.005:</u> The debtor made each of the transfers at issue (1) "with actual intent to hinder, delay or defraud any creditor"[1] or (2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor (A) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or (B) intended to incur, or believed or reasonably should have believed that the debtor would incur debts beyond the debtor's ability to pay as they became due.

(b)   <u>Constructive fraudulent transfer under Texas Business & Commerce Code § 24.006:</u> the Debtor (1) made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and (2) was insolvent at the time of the

---

[1] *See* TEX. BUS. & COM. CODE § 24.005(a)(1).

transfer or became insolvent as a result of the transfer.

(c) <u>Unjust enrichment:</u> Defendants obtained a benefit from another by fraud, duress, or the taking of an undue advantage.[2]

(d) <u>Good faith and fair value pursuant to Texas Business & Commerce Code § 24.009</u>: Defendants received the transfers at issue in good faith and for reasonably equivalent value.

## PRAYER

For the reasons stated above and in the accompanying brief to this motion, Defendants pray that the Court render summary judgment in Defendants favor on the Receiver's claims for fraudulent transfer under Texas Business & Commerce Code §§ 24.005 and 24.006 and his unjust enrichment claim. Defendants further request the Court to grant Defendants any and all other relief, in law or equity, to which they may be justly entitled.

---

[2] *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex.1992).

Respectfully submitted,

**GRUBER HURST ELROD JOHANSEN HAIL SHANK LLP**

By: /s/ Orrin L. Harrison III
    Orrin L. Harrison III
     State Bar No. 09130700
     oharrison@ghjhlaw.com
    Michael J. Lang
     State Bar No. 24036944
     mlang@ghjhlaw.com
    Laura M. Fontaine
     State Bar No. 24065239
     lfontaine@ghjhlaw.com
    Priya A. Bhaskar
     State Bar No. 24082690
     pbhaskar@ghjhlaw.com

1445 Ross Avenue, Suite 2500
Dallas, TX 75202-2711
Telephone (214) 855-6800
Facsimile (214) 855-6808

**ATTORNEYS FOR DEFENDANTS DILLON GAGE INC. OF DALLAS and DILLON GAGE INC.**

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on all counsel of record, in accordance with the Federal Rules of Civil Procedure, on this 24th day of April 2015, as shown below:

| | |
|---|---|
| Kevin M. Sadler<br>David T Arlington<br>Robert I Howell<br>Brendan Day<br>Baker Botts LLP<br>98 San Jacinto Blvd, Suite 1500<br>Austin, TX 78701-4039<br>512/322-2500<br>Fax: 512/322-2501<br>kevin.sadler@bakerbotts.com<br>david.arlington@bakerbotts.com<br>robert.howell@bakerbotts.com<br>Brendan.day@bakerbotts.com | Timothy S. Durst<br>Baker Botts LLP<br>2001 Ross Avenue, Suite 600<br>Dallas, TX 75201-2980<br>214/953-6500<br>Fax: 214/661-6503<br>Email: tim.durst@bakerbotts.com |

    */s/ Orrin L. Harrison III*
    Orrin L. Harrison III