IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD INTERNATIONAL BANK, LTD., ET AL. | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 03:10-CV-1973-N-BG |
| DILLON GAGE INC. OF DALLAS and DILLON GAGE INC. | § § § § | |
| Defendants. | § | |

## RECEIVER'S WITNESS LIST

Plaintiff Ralph S. Janvey (the "Receiver") respectfully submits this Witness List pursuant to the Court's Scheduling Order [Doc. 87] and the Joint Agreement and Stipulation Regarding Certain Pretrial and Trial Matters dated May 11, 2015 [Doc. 128]:

The Receiver expects to present the following witnesses at the trial scheduled for July 6, 2015. If any of these witnesses are unavailable at trial and have been deposed, the Receiver reserves the right to designate and submit their deposition testimony in lieu of live testimony:

1. Ralph S. Janvey
   Court-Appointed Receiver for Stanford Financial Receivership
   c/o David T. Arlington
   BAKER BOTTS LLP
   98 San Jacinto Boulevard, Suite 1500
   Austin, Texas 78701
   (512) 322-2500

Estimated length of direct examination: 4 hours (expect to testify live at trial)

Brief Summary of Substance of Anticipated Testimony: It is anticipated that Mr. Janvey will testify: (1) concerning his role as Receiver over SCB and the other Stanford Entities; (2) concerning the nature and history of the Stanford enterprise, the Stanford Entities comprising that enterprise, and the operations and scope of the Stanford fraud; (3) concerning the operations, cash flows, financial records, business activities, assets, and financial condition of SCB and the Stanford enterprise; (4) that SCB was a seller of coins, bullion, and precious metals; (5) concerning SCB's participation in the Stanford Ponzi scheme; (6) concerning benefits received by SCB from the Stanford Ponzi scheme; (7) concerning how SCB lent the appearance of legitimacy to the Stanford Ponzi scheme; (8) that Pre-War Art, Inc. (the "Gallery") paid SCB for 101 gold bars; (9) that SCB paid Dillon Gage for 101 gold bars but that Dillon Gage only delivered 1 gold bar; (10) that the Gallery has filed a claim in the Receivership claims process; (11) that the Receivership has issued a notice of determination indicating that the Gallery's allowed claim amount for its claim in the claims process is $2,998,630.00, which is equal to the amount of the claim submitted by the Gallery; (12) concerning the transfers made by SCB to Dillon Gage; (13) concerning the information about SCB and the Stanford enterprise that was available to Dillon Gage; (14) concerning Dillon Gage's conduct that relates to its affirmative defense element of good faith; (15) concerning what value, if any, Dillon Gage provided in exchange for the transfers and that such value was not reasonably equivalent to the transfers; (16) concerning the operations, size, and scope of the Receivership; (17) that the Receivership has an established claims process; (18) concerning the claims that have been filed against the Receivership Estate; (19) concerning distributions made by the Receivership; (20) concerning coins and precious metals in the possession of the Receivership and disposition of such coins and precious metals; and (21) concerning the damages suffered by creditors and investors as a consequence of the Stanford Ponzi scheme.  Mr. Janvey will also address other matters in his depositions or otherwise within his knowledge depending on the evidence submitted and testimony elicited by other parties at trial.  Please also see Mr. Janvey's two depositions in this matter taken on May 7, 2015, as well as Mr. Janvey's trial testimony in the related Case No. 3:09-CV-0559-N-BG.

2. Karyl Van Tassel
c/o David T. Arlington
BAKER BOTTS LLP
98 San Jacinto Blvd., Suite 1500
Austin, Texas 78701
(512) 322-2500

Estimated length of direct examination: 5 hours (expect to testify live at trial)

Brief Summary of Substance of Anticipated Testimony: It is anticipated that Ms. Van Tassel will testify: (1) regarding her qualifications as an expert in forensic accounting and investigations; (2) regarding her and FTI's investigation of the Stanford enterprise and the insolvent Stanford Ponzi scheme; (3) that the Stanford Entities, including but not limited to SIB, SCB, SFGC, SGH, and SGC, were wholly owned and controlled by R. Allen Stanford and were collectively operated as a Ponzi scheme; (4) regarding the manner in which the Ponzi scheme was perpetrated; (5) regarding the roles played by the various Stanford Entities in the Ponzi scheme; (6) that SCB was part of the Ponzi scheme; (7) concerning SCB's participation in the Ponzi scheme; (8) concerning benefits received by SCB from the Ponzi scheme; (9) concerning how SCB lent the appearance of legitimacy to the Ponzi scheme; (10) that SCB was insolvent; (11) concerning SCB's inability to pay its debts as they became due; (12) concerning historical funding and credit received by SCB from other Stanford Entities in general and the lack of access to such funding and credit in late 2008 and early 2009; (13) concerning other aspects of SCB's relationship with the other Stanford Entities; (14) concerning the sources of SCB's clients and customers, including the referrals of customers to and by SCB; (15) concerning the transfers made by SCB to Dillon Gage; (16) regarding information concerning the Stanford enterprise, R. Allen Stanford, and SCB that was available to Dillon Gage; (17) regarding the operations, size, cash flows, financial records, business activities, and financial condition of the Stanford enterprise, including SCB and the other Stanford Entities; (18) regarding the marketing of the fraudulent Stanford CD product; (19) regarding the records of the Receivership Estate, including documents in the possession of the Receiver relevant to the claims in this action; (20) regarding the sources of income and cash flows of the various Stanford Entities; (21) regarding the transactions and dealings between SCB and Dillon Gage; (22) that the facts and circumstances are inconsistent with Dillon Gage's good-faith affirmative defense element; and (23) regarding the opinions and testimony of Dillon Gage's expert witnesses. Ms. Van Tassel has been designated as an expert in this case, and thus her testimony may include matters of opinion within her area of expertise.

Ms. Van Tassel will also address other matters in her depositions as well as matters contained within her expert reports and related disclosures, such as the bases of her opinions. In addition, Ms. Van Tassel will address other matters within her knowledge or expertise depending upon the evidence submitted and testimony elicited by other parties at trial. Please see Ms. Van Tassel's Declaration dated February 10, 2012; her Supplemental Declaration dated December 7, 2012; her Second Supplemental Declaration dated March 16, 2015; and her Third Supplemental Declaration dated May 19, 2015. Please also see Ms. Van Tassel's testimony contained in her deposition taken in this matter on June 5, 2012 and contained in her two depositions taken in this matter on May 4, 2015.

3. Joe Frisard
   Former President, Stanford Coins & Bullion, Inc.
   West 8 Tower

        10205 Westheimer, Suite 500
        Houston, Texas  77042

            or

        1512 Nantucket Drive, Unit B
        Houston, Texas  77057
        (504) 427-2195

        Estimated length of direct examination: 5 minutes (expect to testify only via deposition)

        Brief Summary of Substance of Anticipated Testimony: It is anticipated that Mr. Frisard will testify: (1) regarding his position and roles at SCB; (2) regarding the relationship between SGC financial advisors and SCB; (3) concerning the lack of SCB's access to funding and credit from other Stanford Entities in late 2008 and early 2009; and (4) concerning SCB's failure to pay its debts as they became due, including debts due to Dillon Gage.

        Please also see Mr. Frisard's testimony contained in his deposition taken in this matter on January 26, 2010; the testimony contained in his deposition taken in this matter on November 13, 2012; the statements contained in his declaration dated June 8, 2009; and the statements contained in his declaration dated June 19, 2012.

4.     Timothy Scott "Scott" Terry
        Former Vice President of Finance and Operations, Stanford Coins & Bullion, Inc.
        12802 North Cypress Lane
        Tomball, Texas 77377
        (713) 964-5114

        Estimated length of direct examination: 5 minutes (expect to testify only via deposition)

        Brief Summary of Substance of Anticipated Testimony: It is anticipated that Mr. Terry will testify: (1) regarding his position and roles at SCB; (2) regarding the relationship between SGC financial advisors and SCB; (3) concerning the relationship between Dillon Gage and SCB and the status of that relationship during the relevant time period; (4) regarding Dillon Gage's concerns with respect to SCB's outstanding debts and SCB's failure to pay its debts on time; (5) with regard to Terry Hanlon's visit to SCB's offices in Houston, Texas, in January 2009; (6) concerning the financial condition of SCB in 2009; and (7) regarding SCB's cash flow issues.

        Please also see Mr. Terry's testimony contained in his deposition taken in this matter on January 27, 2010; the testimony contained in his deposition taken in this

matter on November 13, 2012; and the statements in his declaration dated June 18, 2012.

5. Terry Hanlon
Dillon Gage
c/o Orrin Harrison and Laura Fontaine
GRUBER HURST ELROD JOHANSEN HAIL SHANK LLP
1445 Ross Ave., Suite 2500
Dallas, Texas 75202-2711
(214) 855-6800

Estimated length of direct examination: 1 hour (expect to testify live at trial)

Brief Summary of Substance of Anticipated Testimony: It is anticipated that Mr. Hanlon will testify: (1) that Dillon Gage had a contract with SCB for the sale of 101 gold bars but shipped only 1 gold bar; (2) that Dillon Gage applied funds from SCB's February 2, 2009 payment for 101 gold bars to orders other than the gold-bar order; (3) that Dillon Gage knew or should have known that SCB was having financial problems in January and February 2009; (4) that SCB was woefully behind in its payments due to Dillon Gage and that SCB could not pay its bills as they became due; (5) concerning the payments by SCB to Dillon Gage at issue in this case; (6) concerning internal communications within Dillon Gage relating to the transfers at issue and about SCB and Stanford; (7) concerning communications between Dillon Gage and SCB; (8) that SCB had a history of payment problems; (9) that Dillon Gage knew SCB had been cut off from access to cash and credit from other Stanford Entities in January 2009; (10) that Dillon Gage knew Dallas Gold & Silver Exchange ("DGSE") had been cut off from its Stanford credit line in January 2009; (11) that Dillon Gage stopped shipments to SCB and SCB's customers in January 2009; (12) concerning other facts relevant to whether Dillon Gage received the transfers at issue from SCB in good faith; and (13) concerning what value, if any, Dillon Gage provided in exchange for the transfers at issue in this case. By calling Mr. Hanlon to testify, however, the Receiver does not agree that Mr. Hanlon's testimony constitutes competent expert testimony.

Please also see Mr. Hanlon's testimony contained in his depositions taken in this matter on February 18, 2010 and on August 17, 2012; the statements contained in his declarations dated April 14, 2009 and June 19, 2012; and Mr. Hanlon's trial testimony in the related Case No. 3:09-CV-0559-N-BG.

6. Ira Fritz
Dillon Gage
c/o Orrin Harrison and Laura Fontaine
GRUBER HURST ELROD JOHANSEN HAIL SHANK LLP

1445 Ross Ave., Suite 2500
Dallas, Texas 75202-2711
(214) 855-6800

Estimated length of direct examination: 45 minutes (expect to testify live at trial)

Brief Summary of Substance of Anticipated Testimony: It is anticipated that Mr. Fritz will testify: (1) that Dillon Gage had a contract with SCB for the sale of 101 gold bars but shipped only 1 gold bar; (2) that Dillon Gage applied funds from SCB's February 2, 2009 payment for 101 gold bars to orders other than the gold-bar order; (3) that Dillon Gage knew or should have known that SCB was having financial problems in January and February 2009; (4) that Dillon Gage was aware of red flags concerning SCB's failure to timely pay its bills due to Dillon Gage; (5) concerning the payments by SCB to Dillon Gage at issue in this case; (6) concerning internal communications within Dillon Gage relating to the transfers at issue and about SCB and Stanford; (7) concerning communications between Dillon Gage and SCB; (8) that SCB had a history of payment problems; (9) that Dillon Gage knew SCB had been cut off from access to cash and credit from other Stanford Entities in January 2009; (10) that Dillon Gage knew DGSE had been cut off from its Stanford credit line in January 2009; (11) that Dillon Gage stopped shipments to SCB and SCB's customers in January 2009; (12) concerning other facts relevant to whether Dillon Gage received the transfers at issue from SCB in good faith; and (13) concerning what value, if any, Dillon Gage provided in exchange for the transfers at issue in this case.

Please also see Mr. Fritz's testimony contained in his depositions taken in this matter on February 16, 2010 and May 8, 2015; the statements contained in his declarations dated April 14, 2009 and June 19, 2012; and Mr. Fritz's trial testimony in the related Case No. 3:09-CV-0559-N-BG.

7. Sid Reichenberger
Dillon Gage
c/o Orrin Harrison and Laura Fontaine
GRUBER HURST ELROD JOHANSEN HAIL SHANK LLP
1445 Ross Ave., Suite 2500
Dallas, Texas 75202-2711
(214) 855-6800

Estimated length of direct examination: 45 minutes (expect to testify live at trial)

Brief Summary of Substance of Anticipated Testimony: It is anticipated that Mr. Reichenberger will testify: (1) that Dillon Gage had a contract with SCB for the sale of 101 gold bars but shipped only 1 gold bar; (2) that Dillon Gage applied funds from SCB's February 2, 2009 payment for 101 gold bars to orders other than the gold-bar order; (3) that Dillon Gage knew or should have known that

SCB was having financial problems in January and February 2009; (4) concerning SCB's failure to timely pay its bills; (5) concerning the payments by SCB to Dillon Gage at issue in this case; (6) concerning internal communications within Dillon Gage relating to the transfers at issue and about SCB and Stanford; (7) concerning communications between Dillon Gage and SCB; (8) that SCB had a history of payment problems; (9) that Dillon Gage knew SCB had been cut off from access to cash and credit from other Stanford Entities in January 2009; (10) that Dillon Gage knew DGSE had been cut off from its Stanford credit line in January 2009; (11) that Dillon Gage stopped shipments to SCB and SCB's customers in January 2009; (12) concerning other facts relevant to whether Dillon Gage received the transfers at issue from SCB in good faith; and (13) concerning what value, if any, Dillon Gage provided in exchange for the transfers at issue in this case. By calling Mr. Reichenberger to testify, however, the Receiver does not agree that Mr. Hanlon's testimony constitutes competent expert testimony.

Please also see Mr. Reichenberger's testimony contained in his deposition taken in this matter on February 17, 2010; the statements contained in his declaration dated April 14, 2009; and Mr. Reichenberger's trial testimony in the related Case No. 3:09-CV-0559-N-BG.

Depending on this Court's rulings on various pretrial motions and the evidence and testimony admitted at trial, the Receiver may call the following witnesses to testify at trial:

8. Jon Christiansen
Dillon Gage
c/o Orrin Harrison and Laura Fontaine
GRUBER HURST ELROD JOHANSEN HAIL SHANK LLP
1445 Ross Ave., Suite 2500
Dallas, Texas 75202-2711
(214) 855-6800

Estimated length of direct examination: 20 minutes (may call at trial)

Brief Summary of Substance of Anticipated Testimony: Mr. Christiansen is the Chief Financial Officer of Dillon Gage. He may testify concerning the corporate relationship between the Dillon Gage defendants involved in this case, and concerning his communications with other Dillon Gage employees and with the Gallery regarding the facts underlying this lawsuit. The Receiver further anticipates that Mr. Christiansen's testimony will be consistent with the content of documents or communications he authored or participated in that have been produced in this matter and with testimony from other witnesses concerning his actions or communications with him.

Please also see Mr. Christiansen's testimony contained in his deposition taken in this matter on April 29, 2015, as well as the statements contained in his declaration dated April 14, 2009.

9. Mary Jeddeloh
   Dillon Gage
   c/o Orrin Harrison and Laura Fontaine
   GRUBER HURST ELROD JOHANSEN HAIL SHANK LLP
   1445 Ross Ave., Suite 2500
   Dallas, Texas 75202-2711
   (214) 855-6800

   Estimated length of direct examination: 20 minutes (may call at trial)

   Brief Summary of Substance of Anticipated Testimony: Ms. Jeddeloh is a trader at Dillon Gage who had interactions with SCB. Ms. Jeddeloh has not been deposed in this matter, and thus, the Receiver does not have knowledge of the substance of her potential testimony. The Receiver anticipates that Ms. Jeddeloh's testimony will be consistent with the content of documents or communications she authored or participated in that have been produced in this matter and with testimony from other witnesses concerning her actions or communications with her.

10. Rebecca Browning (formerly, Nelson)
    Dillon Gage
    c/o Orrin Harrison and Laura Fontaine
    GRUBER HURST ELROD JOHANSEN HAIL SHANK LLP
    1445 Ross Ave., Suite 2500
    Dallas, Texas 75202-2711
    (214) 855-6800

    Estimated length of direct examination: 20 minutes (may call at trial)

    Brief Summary of Substance of Anticipated Testimony: Ms. Browning is the controller for Dillon Gage and has knowledge concerning payments from SCB to Dillon Gage and how they were applied. Ms. Browning has not been deposed in this matter, and thus, the Receiver does not have knowledge of the substance of her potential testimony. If the Receiver calls Ms. Browning to testify, the Receiver anticipates that her testimony will be consistent with the content of documents or communications she authored that have been produced in this matter and with testimony from other witnesses concerning her actions or communications with her.

The Receiver specifically reserves the right to call witnesses contained in Dillon Gage's witness list, as well as rebuttal witnesses to the extent the need arises during trial and to the extent those persons have been identified as persons with knowledge of discoverable information by one of the parties in this action.

By submitting the above list of witnesses, the Receiver does not stipulate to the admissibility of all testimony of the witnesses listed. The Receiver reserves the right to object to testimony of the above witnesses depending on evidentiary rulings by the Court and depending on the purpose for which or manner in which such testimony is presented. The Receiver further reserves the right to supplement or amend the above list of witnesses to the extent permitted by the Court.

...

Dated: June 5, 2015

Respectfully submitted,

**BAKER BOTTS L.L.P.**

By: */s/ Kevin M. Sadler*
    Kevin M. Sadler
    Texas Bar No. 17512450
    kevin.sadler@bakerbotts.com
    David T. Arlington
    Texas Bar No. 00790238
    david.arlington@bakerbotts.com
    Brendan A. Day
    Texas Bar No. 24052298
    brendan.day@bakerbotts.com
    Robert I. Howell
    Texas Bar No. 10107300
    robert.howell@bakerbotts.com
    98 San Jacinto Blvd., Suite 1500
    Austin, Texas 78701-4078
    (512) 322-2500
    (512) 322-2501 (Facsimile)

    Timothy S. Durst
    Texas Bar No. 00786924
    tim.durst@bakerbotts.com
    2001 Ross Avenue
    Dallas, Texas 75201
    (214) 953-6500
    (214) 953-6503 (Facsimile)

**ATTORNEYS FOR**
**RECEIVER RALPH S. JANVEY**

## **CERTIFICATE OF SERVICE**

  On June 5, 2015, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that I will serve all counsel of record electronically or by other means authorized by the Court or the Federal Rules of Civil Procedure.

                /s/ *Kevin M. Sadler*
                Kevin M. Sadler